BEACHWOOD INC. *vs.* LIQUOR CONTROL ADM'R.

APRIL 12, 1956 (as of JANUARY 17, 1956).

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition for a writ of certiorari seeking to quash the decision of the respondent liquor control

administrator confirming the action of the town council of the town of Narragansett in denying the petitioner's application for a class B tavern liquor license. The writ was issued and pursuant thereto all pertinent records have been certified to this court.

It appears therefrom that petitioner is the owner and operator of a certain hotel in the town of Narragansett; that in December 1954 it filed with the town clerk an application for a class B tavern liquor license for its premises located at 50 Kingstown Road in said town; that such application was duly advertised; and that on January 17, 1955 a hearing thereon was held before the town council, which on the same date denied the application. It further appears that petitioner duly appealed from such decision to the respondent liquor control administrator who, on February 7, 1955, after a hearing *de novo* denied and dismissed the appeal.

The record also discloses that on April 16, 1951 after a public hearing the town council had fixed the number of class B liquor licenses at twenty, which was the limit still in effect at the time of petitioner's application for a class B tavern liquor license. At the hearing on the application it was pointed out by the president of the town council that the maximum of such licenses had been fixed at twenty, and it appears from the record that this number had already been granted.

In his decision the liquor control administrator stated in part as follows: "Section 10 of Chapter 164, G. L., 1938, gives the Department of Business Regulation the right and power to limit the number of licenses of each class, but provides that such number shall not exceed the maximum, if any, set by local boards. The Board for the Town of Narragansett has set a maximum of twenty Class B licenses, which includes tavern, victualer and limited types. There is no provision in the law which prevents a Local Board from raising or lowering that maximum. Were the Adminis-

trator to grant this application, he would in effect, be raising the maximum of Class B licenses in the Town of Narragansett from twenty to twenty-one such licenses. This would be contrary to the provisions of Section 10 of Chapter 164. It would be contrary to the previous expressed policy of the Administration to urge Local Boards to limit the number of licenses in their Cities or Towns."

The petitioner contends that respondent erred as a matter of law in basing his decision upon the provisions of general laws 1938, chap. 164, §10, as amended. We cannot agree with this contention. It is clear from an examination of respondent's decision that he was deciding the appeal under the provisions of G. L. 1938, chap. 164, §9, as amended. So far as chap. 164, §10, as amended, was concerned, he merely pointed out that he had no authority to reverse the decision of the town council by sustaining petitioner's appeal because thereby he would increase the number of class B licenses beyond the maximum set by the town council.

We are of the opinion that G. L. 1938, chap. 164, §10, as amended, is binding upon the respondent and that in the circumstances he did not err in denying and dismissing the petitioner's appeal.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the papers certified to this court are ordered returned to the respondent with our decision endorsed thereon.

BAKER, J., did not participate in the decision.

*James E. Flannery,* for petitioner.

*William E. Powers,* Atty. Gen., *Edward F. J. Dwyer,* Ass't Atty. Gen., *Benjamin Winicour,* for respondent.